# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 2, 2021

| | | |
|---|---|---|
| OLGA DAVYDOVA, | * | UNPUBLISHED |
| Petitioner, | * | No. 19-223V |
| v. | * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| Respondent. | * | |

*Anne C. Toale*, Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Claudia B. Gangi*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 20, 2021, Olga Davydova ("petitioner") filed a motion for final attorneys' fees and costs ("Fees App.") (ECF No. 51). For the reasons discussed below, I **GRANT** the motion and award $42,210.69 in final attorneys' fees and costs.

### I. Procedural History

On February 8, 2019, petitioner filed her claim in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed Guillain-Barré syndrome ("GBS") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination received on April 25, 2018. Petition (ECF No. 1). On April 6, 2020, respondent filed his report pursuant to

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id*. **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Vaccine Rule 4(c), in which he recommended against compensation of petitioner's claim. Resp. Rep't (ECF No. 27). Afterwards, petitioner duly filed additional medical records, an affidavit, and a report from an expert neurologist, Kazim A. Sheikh, M.D. Respondent then advised that rather than filing a responsive expert report, he would engage in settlement discussions. Status Report (ECF No. 40). On January 26, 2021, I issued a decision approving the parties' joint stipulation, which awarded petitioner compensation in the form of a lump sum of $60,000.00. Stipulation (ECF No. 45); Decision (ECF No. 46); *see also* Judgment (ECF No. 48).

On May 20, 2021, petitioner filed the present motion, in which she requests final attorneys' fees of $31,435.20 and attorneys' costs of $10,775.49, for a total request of $42,210.69. Fees App. at 1. Petitioner avers that she has not incurred any fees or costs, pursuant to General Order No. 9. Fees App. – Tab 3 at 1. On June 2, 2021, respondent filed a response which provides that respondent is satisfied that the statutory requirements for attorneys' fees and costs are met in this case. Fees Response (ECF No. 52) at 2. Petitioner filed a reply on June 3, 2021. Pet. Reply (ECF No. 53). Petitioner's motion is now ripe for adjudication.

## II.  Legal Standard

The Vaccine Act provides that in the event that a petition results in compensation, the special master "shall" also award reasonable attorneys' fees and costs incurred in any proceeding on such petition. 42 U.S.C. § 300aa-15(e)(1). Here, as petitioner was awarded compensation pursuant to a stipulation, petitioner shall also receive an award of attorneys' fees and costs.

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.,* 515 F. 3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonable expended on the litigation. *Id.* at 1347-58 (citing *Blum v. Stenson,* 465 U.S. 886, 888 (1984)). The Office of Special Masters ("OSM") has prepared ranges of reasonable hourly rates for attorneys of varying experience and for paralegals, which are posted on the Court's website.[3]

A petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id*. at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

---

[3] Court of Federal Claims – Office of Special Masters, *OSM Attorneys' Forum Hourly Rate Fee Schedules*, at https://www.uscfc.uscourts.gov/node/2914.

### III. Analysis

#### A. Attorneys' Fees

Petitioner requests hourly rates for attorneys and paralegal at the Maglio firm which are consistent with the rates awarded in many previous decisions by myself and other special masters. Fees App – Tab 1 at 23. I find that these hourly rates are also reasonable for the work documented in the instant motion. Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries reasonably and accurately describe the work performed and the length of time it took to perform each task. Moreover, respondent has not identified any particular entries as being objectionable. Therefore, they are compensated without adjustment.

#### B. Attorneys' and Petitioner's Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Here, petitioner requests final attorneys' costs totaling $10,775.49. Fees App – Tab 2 at 1-2. The costs are for filing the petition, obtaining medical records, postage, photocopies, counsel's travel to meet once with petitioner, and the expert Dr. Sheikh's review of petitioner's case and his supportive report. *Id.* at Tab 2. These costs are adequately documented, reasonable, and will be awarded.

### IV. Conclusion

Accordingly, petitioner's motion is **GRANTED** and the following is awarded:

1) **A lump sum in the amount of $42, 210.69, representing reimbursement for final attorneys' fees and costs, in the form of a check payable to petitioner and her attorney. [4]** Per petitioner's request, the check should be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                 **s/Thomas L. Gowen**
                 Thomas L. Gowen
                 Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).